IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:12-CV-170-BO

JUDY ANN KRAHENBUHL, )
         Plaintiff, )
)
v. )   O R D E R
)
HYDE COUNTY SCHOOLS, )
         Defendant. )
)

This cause comes before the Court on defendant's motion to dismiss. Plaintiff, proceeding pro se, has responded, and the matter is ripe for ruling. For the reasons discussed below, defendant's motion is granted in part and denied in part and this action is dismissed in its entirety.

## BACKGROUND

Plaintiff filed this action for unlawful employment practices by defendant in violation of Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §§ 2000e *et seq*. Plaintiff was formerly assistant principal at Mattamuskeet High School in Hyde County, North Carolina. In May 2010, plaintiff alleges that she exercised her First Amendment rights concerning a decision made by the then principal Latimore regarding discipline of a student. Plaintiff was reassigned to position at the central office for Hyde County Schools by the school superintendent Todd after this incident, and plaintiff filed a discrimination charge against the school board with the Equal Employment Opportunity Commission (EEOC) in August 2010.

In April 2011 and subsequent to her filing of the EEOC charge, plaintiff was informed by former principal and then superintendent Latimore that he would not recommend that her contract with the schools be renewed. In May 2011, the school board notified plaintiff that it

would in fact not renew her contract. Plaintiff alleges her non-renewal was in retaliation for her filing of an EEOC charge. Plaintiff then filed a second charge with the EEOC in November 2011 concerning the allegedly retaliatory actions taken by Todd and Latimore. That charge was dismissed by the EEOC as being untimely.

Plaintiff filed this employment discrimination action alleging that defendant discriminated against her on the basis of race and sex and that defendant had retaliated against her for exercising her First Amendment rights and for filing a charge with the EEOC. Defendant has moved to dismiss plaintiff's complaint for, *inter alia*, lack of subject matter jurisdiction and for failure to state a claim. Fed. R. Civ. P. 12(b)(1); 12(b)(6).

## DISCUSSION

I. Rule 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a claim for lack of subject matter jurisdiction. When subject matter jurisdiction is challenged, the plaintiff has the burden of proving jurisdiction to survive the motion. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647-50 (4th Cir. 1999). "In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R.R Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991).

Defendant contends that the court lacks subject matter jurisdiction to hear plaintiff's claims due to plaintiff's failure to comply with applicable administrative requirements. Title VII requires that an aggrieved employee must file a charge of discrimination with the EEOC, generally within 180 days after the alleged unlawful employment practice occurred. 42 U.S.C. §

2

2000e-5(e)(1). A plaintiff may proceed to file an employment discrimination action in the federal courts only after a charge has been filed with the EEOC. *See e.g.* 42 U.S.C. § 2000e-5(f)(1). A plaintiff has ninety days from the date she receives a right-to-sue letter from the EEOC to file a claim in federal court. *Id.*

Plaintiff's discrimination and retaliation claims related to her August 2010 EEOC charge are time-barred. The EEOC issued a right-to-sue letter to plaintiff October 25, 2011 [DE 11-1]. The instant action was filed on August 8, 2012, well-outside the ninety-day time period to file suit. Plaintiff has presented no circumstances under which the Court could find that equitable tolling beyond the ninety-day period is warranted, and defendant's motion to dismiss as it relates to the claims in plaintiff's August 2010 EEOC charge is therefore granted. *See e.g. Harvey v. City of New Bern Police Dep't.*, 813 F.2d 652, 654 (4th Cir. 1987).

Plaintiff's retaliation claims related to her second EEOC charge are not time-barred. Plaintiff filed an intake questionnaire with the EEOC that was signed on November 14, 2011 [DE 17-2]. An intake questionnaire may be treated as a charge of discrimination where sufficient required information relating to the discrimination is included and where, as here, the EEOC treats the intake questionnaire date as the filing date of the charge of discrimination. *See Federal Express Corp. v. Holowecki,* 522 U.S. 389 (2008); *Alexander v. City of Greensboro*, 801 F. Supp.2d 429, 437 (M.D.N.C. 2011). Using the November 14, 2011, filing date, the EEOC dismissed plaintiff's second charge of discrimination as untimely. This Court is not bound, however, by the EEOC's finding of untimeliness. *Sheaffer v. Cnty of Chatham*, 337 F. Supp.2d 709, 723 (M.D.N.C. 2004) (citing *Weise v. Syracuse Univ.*, 522 F.2d 397, 413 (2nd Cir. 1975)).

The EEOC's untimeliness finding was based on plaintiff's statement that she became

3

aware that her contract would not be renewed in April 2011 [DE 17-2]. Plaintiff's intake questionnaire indicates that she was discharged on June 30, 2011, her formal EEOC charge relating to the same conduct and filed on April 27, 2012, indicates that date the discrimination took place was June 30, 2011 [DE 11-1], and plaintiff's complaint states that she was informed that her contract would not be renewed on May 27, 2011 [DE 1]. Using either of these dates as the date upon which plaintiff was officially informed that her contract would not be renewed and was in fact discharged results in her EEOC charge being timely filed on November 14, 2011.[1] Defendant's motion to dismiss these Title VII retaliation claims under Rule 12(b)(1) is therefore denied.

II. Rule 12(b)(6)

The Court next considers whether plaintiff has stated Title VII retaliation claims upon which relief can be granted.[2] A Rule 12(b)(6) motion tests the legal sufficiency of the complaint.

---

[1] Moreover, "the filing of a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982). The Court finds, in the alternative to its finding of timeliness above, that though plaintiff was informally told that her contract would not be renewed in April 2011, because her contract was in fact not renewed on or about May 27, 2011, the time for filing should be equitably tolled to permit plaintiff the benefit of the May 27, 2011, non-renewal date in determining the timeliness of her EEOC charge.

[2] Considering defendant's 12(b)(4) and 12(b)(5) motion, the Court notes that dismissal of an action under 12(b)(4) or 12(b)(5) may not be justified where, after being informed of a deficiency, plaintiff effects sufficient process. *Plant Genetic Systems, N.V. v. Ciba Seeds*, 933 F. Supp. 519, 526-27 (M.D.N.C. 1996). In response to defendant's motion to dismiss, plaintiff in this action filed returns of service as to Curtis Allen and Hyde County Schools [DE 15]. While it does not appear that plaintiff had summons reissued in order to properly effect such service, dismissal on this basis would be unwarranted as defendant has suffered no prejudice and clearly has notice of the action against it. *See e.g. Simmons v. Crown Ford, Inc.*, 5:07-CV-374, 2008 WL 619366 *1 (E.D.N.C. March 4, 2008). Therefore, and in light of its finding that plaintiff has failed to state a claim under Rule 12(b)(6), the Court denies defendant's motion to dismiss for

4

*Papasan v. Attain*, 478 U.S. 265, 283 (1986). When acting on a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.1993). A complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). If the factual allegations do not nudge the plaintiff's claims "across the line from conceivable to plausible," the "complaint must be dismissed." *Twombly*, 550 U.S. at 570.

In order to state a claim for relief under Title VII, plaintiff's complaint need not make out a prima facie case of employment discrimination. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 (2002). Rather, it must allege facts sufficient to nudge her claims across the line from merely conceivable to plausible; "heightened fact pleading of specifics" is not required. *Twombly*, 544 U.S. at 570. To show that she was subject to retaliation in violation of Title VII, plaintiff must allege that she engaged in protected activity, that she suffered an adverse employment action, and that there is a causal link between the protected activity and the employment action. *Coleman v. Md. Ct. of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010).

Assuming, *arguendo*, that plaintiff has sufficiently alleged that she engaged in a protected activity in filing an EEOC charge and that she suffered adverse employment action when her contract was not renewed, plaintiff has failed to plead any facts that would establish a causal link between her protected action and her contract non-renewal. Indeed, plaintiff's retaliation claim is based only on her subjective allegation that she believes the actions taken in not renewing her contract were in retaliation for her first EEOC charge. While a causal connection may be

---

failure to effect proper service.

inferred when an employer's knowledge of a protected activity and the subsequent adverse employment action occur in "very close temporal proximity," in the absence of such proximity the plaintiff must offer additional evidence to establish causation. *O'Neal v. Ferguson Const. Co.*, 237 F.3d 1248, 1253 (10th Cir. 2001). Plaintiff filed her first EEOC charge in August 2010 and was notified that her contract would not be renewed in April 2011. "A thirteen month interval between the charge and termination is too long to establish causation absent other evidence of retaliation." *Causey v. Balog*, 162 F.3d 795, 803 (4th Cir. 1998). As plaintiff has alleged no basis upon which to find that a causal connection existed between her protected activity and her adverse employment action other than implication arising from temporal proximity and her own speculation, she has failed to state a claim for retaliation under Title VII. Defendant's motion to dismiss these claims under Rule 12(b)(6) is therefore granted.

Finally, the Court considers whether plaintiff has sufficiently alleged a violation of her First Amendment rights. Plaintiff's first EEOC charge alleged that she was transferred from her position as assistant principal to the central office because she had exercised her free speech rights concerning the principal's decision not to discipline a student in possession of an illegal substance. As discussed above, plaintiff failed to timely file a civil action arising out of her first EEOC charge, and as such is barred from raising an employment discrimination claim arising from such conduct here. To the extent that, construing pro se plaintiff's complaint liberally, plaintiff has attempted to allege a 42 U.S.C. § 1983 First Amendment claim against defendant in this action, the Court finds that she has failed to state a claim upon which relief could be granted.

In order to prevail on a First Amendment retaliation claim, plaintiff must show that she engaged in protected expression involving a matter of public concern, that her interest in First

6

Amendment expression outweighed her employer's interest in efficient operation of the workplace, that she was deprived of some valuable benefit, and that a causal relationship exists between her protected expression on matters of public concern and the loss of the benefit. *Peters v. Jenney*, 327 F.3d 307, 322 (4th Cir. 2003). Again, while plaintiff is not required to satisfy a heightened pleading standard with regard to her First Amendment claim, her complaint must still allege sufficient facts to nudge her claim across the line from conceivable to plausible.

Plaintiff's complaint states only that she believes she was transferred and not allowed to return to her position as assistant principal because she exercised her First Amendment rights. Plaintiff has not alleged that her speech involved matters of public concern nor has she alleged any facts to demonstrate a causal relationship between her speech and the loss of an alleged benefit. Moreover, as a public employee of Hyde County Schools, the speech at issue as outlined in the complaint appears to be both job-related and pursuant to plaintiff's official duties. As such, "the Constitution does not insulate [her] communications from employer discipline." *Garcetti v. Ceballos*, 547 U.S. 410, 421 (2006). Accordingly, insofar as it has been alleged in her complaint, plaintiff's First Amendment retaliation claim is dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

CONCLUSION

For the foregoing reasons, defendant's motion to dismiss [DE 11] is GRANTED IN PART AND DENIED IN PART and this matter is DISMISSED IN ITS ENTIRETY. The clerk is DIRECTED to enter judgment accordingly.


SO ORDERED, this _20_ day of March, 2013.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

8